**DINESH PATEL**

2118 Walsh Ave, Suite 240

Santa Clara, CA 95050

Telephone: (408) 454-8378

Email:btcroot@gmail.com

*Pro Se*

FILED

MAY 19 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DINESH PATEL, an individual and California

resident;

        Plaintiff,

     v.

GOOGLE LLC, a Delaware Limited Liability

Company; SIDEWALK LABS LLC, a Delaware

Limited Liability Company; and DOES 1-20,

inclusive,

        Defendants.

Case No.:  C 23 02470

LJC

UNLIMITED JURISDICTION

**COMPLAINT FOR DAMAGES, AND EQUITABLE AND DECLARATORY RELIEF:**

1. **TRADEMARK INFRINGEMENT (15 U.S.C § 1114)**

2. **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

3. **UNFAIR COMPETITION (CAL. BUS. PROF. CODE § 17200)**

4. **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

5. **UNJUST ENRICHMENT**

6. **DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201**

**JURY TRIAL DEMANDED**

    DINESH PATEL ("Plaintiff" or "Mr. Patel") hereby brings the following Complaint (the "Complaint") against Defendants Google LLC ("Google") and Sidewalk Labs LLC ("SLL") (collectively "Defendants"). In this Complaint, Plaintiff asserts U.S. Trademark Registration No.

6557978 (the "'978 Registration") for the standard character "PEBBLES" trademark in Class 009, and 6557799 (the "'799 Registration") for the standard character "PEBBLES" trademark in Class 042 (collectively the "PEBBLES® Trademarks"); the '978 Registration and the '799 Registration are collectively referred to as the "PEBBLES® Registrations." Plaintiff alleges as follows:

## INTRODUCTION

1. This is an action by Plaintiff to stop, and to recover damages arising from, wrongful and willful infringement of Plaintiff's valuable PEBBLES® Trademarks by Defendants.

2. This action arises from Defendants' willful infringement of Plaintiffs' PEBBLES® Trademarks, which Plaintiff uses in connection with providing goods and services for consumers to design and develop their own electronic hardware, software, human-machine-interface, mobile apps, graphics and graphical user interface, device management, data collection and synchronization, and data security (collectively, the "PEBBLES® Platform"), in the field of embedded systems or headless systems, wireless and wired electronic and electromechanical sensors, IoT, automation, automated testing, Defense industry, ,contract manufacturing, automotive, avionics, construction machinery, photonics, semiconductor, and medical devices ("Plaintiff's Industry.")

3. Plaintiff also offers his PEBBLES® branded goods and services for design and development of consumers' wireless Electrical Density Gauge sensors which are used for analysis of soil in roadbeds and foundations during construction of roads and parking lots; such sensors are sold to various local governments, departments of transportation, and construction companies, and they are very similar to Defendants' goods and services which Defendants offer to the same class of consumers.

4. Plaintiff's PEBBLES® Trademarks are federally-registered in connection with the PEBBLES® Platform. Long after Plaintiff and his predecessor began using the PEBBLES® Trademarks, Defendants began using the nearly identical standard character "PEBBLE" mark and a ⬚Pebble design mark (collectively, the "PEBBLE Marks") in connection with a wireless vehicle occupancy sensor and its human-machine-interface, associated software infrastructure, tools for others to develop their own goods and services, software for management of electronic sensor(s), and mobility solutions.

5. Despite having the knowledge of Plaintiff's PEBBLES® Platform, Defendants have been willfully infringing the PEBBLES® Trademarks while expanding the scope of such infringing use, on

what appears to be Defendants' mistaken belief in their repeated insistences to Plaintiff that there is no trademark infringement without actual consumer confusion.

6. Despite Plaintiff's notice to Defendants to cease and desist deliberate infringement of Plaintiff's valuable PEBBLES® Trademarks using the PEBBLE Marks on identical or extremely similar goods and services, Defendants have refused to stop their willful infringement.

7. Plaintiff and his predecessor-in-interest have made use of the "PEBBLES" marks in the United States interstate commerce on Plaintiff's Class 9 and 42 goods and services as set forth below since much prior to any date of first use of the PEBBLE Marks by Defendants, establishing Plaintiff as the uncontroverted senior user of the PEBBLES® Trademark.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and over the state-law claims pursuant to 28 U.S.C. §§ 1367 and 1338(b).

9. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy exceeds seventy-five thousand dollars, exclusive of costs, and (b) there is complete diversity of citizenship between Plaintiff and Defendants.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are doing business in this district; Google "resides' in this judicial district as defined by 28 U.S.C. § 1391(c), Defendants are registered to do business in California and have agents of process service in California, and a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred and continue to occur in this district.

## INTRADISTRICT ASSIGNMENT

11. Under Civil Local Rule 3-2, this civil action should be assigned to the San Jose Division, because a substantial part of the events or omissions which give rise to the claim have occurred and continue to occur in Santa Clara County, and Plaintiff Patel and Defendant Google are also located in Santa Clara County. Further, a significant portion of Defendant SLL's development, testing and trials of goods and services which allegedly bear the PEBBLE Marks took place in Santa Clara County.

**PARTIES**

12. Plaintiff is a United States citizen and a California resident with his address at 2118 Walsh Ave, Suite 240, Santa Clara, California 95050, USA.

13. On information and belief, Defendant Google is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043, USA.

14. On information and belief, Defendant Sidewalk Labs LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 10 Hudson Yards, 27th Floor, New York, NY 10001, USA. On information and belief, SLL has been also registered with the Secretary of State of California to do business in California.

15. On information and belief, Defendants DOES 1 through 20, inclusive, are individuals, corporations, trusts, partnerships and/or other legal persons or entities who are sued herein under fictitious names for the reason that their true names and/or responsibilities are presently unknown to Plaintiff, except that they are connected in some manner with the named Defendants and/or used Plaintiff's marks or confusingly similar marks in relation to the goods and services that are identical or confusingly similar to Plaintiff's goods and services, or are vicariously or otherwise responsible for all or a portion of the conduct and damages alleged herein. Plaintiff is unable at this time to ascertain the entire name(s) or part of the name(s) of the Doe Defendants. Plaintiff has made diligent and good faith efforts to ascertain the identity, actions and liability of said unidentified Defendants, but has not been able to ascertain such identities. Plaintiff will identify said Defendants when they are discovered.

**FACTUAL BACKGROUND**

**Plaintiff and his PEBBLES® Trademarks**

16. Plaintiff has done technical research, design, and development of electronic products, and business in the field of electronic hardware and devices, automation, automated testing, robotics, and related human-machine-interfaces since mid-1980s.

17. Plaintiff had originally invented the technology of his PEBBLES® Platform goods and services at least as early as mid-2000's, originally to simplify consumers' experience of using electronic hardware and equipment, and to make such experience visually pleasing, intuitive, easy-to-use,

consistent, robust, and handsfree or touch-screen based when possible.

18. BatchTest Corporation ("BatchTest") is the predecessor-in-interest to Plaintiff.

19. BatchTest is a California corporation with an address at 2118 Walsh Ave, Suite 240, Santa Clara, CA 95050.

20. Plaintiff owns BatchTest.

21. Plaintiff is also BatchTest's President.

22. Plaintiff and BatchTest are designer, producer, and marketer of electronic boards and devices, Embedded and Headless Systems, IoT, Integrated Systems, Industrial Automation, Software, Human-Machine-Interface and functional graphics, and related goods and services. Plaintiff and BatchTest also provide engineering services for design and development of others' electronic hardware and related firmware, computer software, mobile apps, and internet-based electronic device control and management services.

23. On January 8, 2020, BatchTest had filed U.S. Trademark Application Nos. 88751781 and 88983079 (collectively, the "BatchTest PEBBLES Applications") for trademark "PEBBLES" on several Class 9 and Class 42 goods and services respectively, which are listed below, based on actual use of the said trademark under Section 1(a), and the said applications were published for opposition in the *Trademark Official Gazette* on August 31, 2021.

24. On November 16, 2021, BatchTest was issued the PEBBLES® Registrations by the U.S. Patent and Trademark Office (the "USPTO"), which matured from the BatchTest PEBBLES Applications; true and correct copies of the registration certificates for the '978 Registration and the '799 Registration are attached hereto as **Exhibit A**.

25. On January 14, 2022, BatchTest assigned the PEBBLES® Registrations, and the PEBBLES® Trademarks along with the goodwill associated with them to Plaintiff; the said assignment was recorded by the Assignment Recordation Branch of the USPTO under REEL/FRAME: **7560/0783** on January 17, 2022; a true and correct copy of the said assignment recordation is attached hereto as **Exhibit B**.

26. Plaintiff is the owner of the subsisting '978 Registration for the standard character "PEBBLES" trademark which identifies the following goods in Class 9:

"Downloadable computer software for developing other computer software and graphical

user interface; Downloadable software and downloadable software utility for creating graphical user interface; Downloadable software for assisting developers in creating program code for use in multiple application software, and user's manuals and instructional manuals sold as a unit therewith; Downloadable software components, namely, software in the nature of controls and indicators for creating Human-Machine-Interface, and user's manuals and instructional manuals sold as a unit therewith."

27. Plaintiff is the owner of the subsisting '799 Registration for the standard character "PEBBLES" trademark which identifies the following goods in Class 42:

"Providing temporary use of on-line non-downloadable software for developing other computer software and graphical user interface; providing temporary use of on-line non-downloadable software and software utility for creating graphical user interface; providing temporary use of on-line non-downloadable software for assisting developers in creating program code for use in multiple application software, and user's manuals and instructional manuals sold as a unit therewith; designing and providing temporary use of on-line non-downloadable software components, namely, software in the nature of controls and indicators, for creating Human-Machine-Interface, and user's manuals and instructional manuals sold as a unit therewith."

28. Plaintiff and his predecessor BatchTest continuously used the PEBBLES® Trademarks on goods as recited on the PEBBLES® Registrations since prior to any date of first use of the PEBBLE Marks that Defendants can establish on goods and services almost identical or very similar to Defendants' relevant goods and services. A true and correct copy of the Wayback Machine Internet Archive page of BatchTest's website as it existed on the internet on January 25, 2019 is attached hereto as **Exhibit C.**

29. Exhibit C also shows Plaintiff's business in Embedded Systems design and firmware, and also shows his PEBBLES® mark used on a gauge for an electronic sensor for reading voltage. A live version of the Wayback Machine Internet Archive's webpage shown in Exhibit C also shows Plaintiff's PEBBLES® goods and services used in design of hardware, software, and remote management infrastructure of implanted orthopedic sensors and related medical surgery software, which were designed by Plaintiff and BatchTest for a consumer.

30. BatchTest has a limited license to use the PEBBLES® Trademarks in connection with Embedded Systems, IoT, Automation, and Industrial Automation related goods and services.

31. Plaintiff has owned internet domain "PebblesUI.com" since at least as early as February 3, 2015. A true and correct copy of the WHOIS Lookup Report for the PebblesUI.com domain, identifying Plaintiff as the registrant of the said domain is attached hereto as **Exhibit D**.

**Defendants and their unauthorized use of the PEBBLE Marks**

32. On or about June 26, 2019, Defendant SLL filed U.S. Trademark Application No. 88489689 (the "'689 Application") to register the standard character "PEBBLE" mark in Class 9 and 42, based on its alleged *bona fide* intent to use the said mark in commerce for the following goods and services:

**Class 9:**

"Wireless occupancy sensors; Wireless sensors for detecting and communicating data related to parking, driving, and curb space, including curb occupancy, vehicle speed, vehicle size and other vehicle characteristics; Mobile computing and operating platforms consisting of data transceivers, wireless networks and gateways for communicating with connected wireless sensors; Downloadable computer software for connecting, operating and managing networked wireless occupancy sensors and for providing information on wireless sensor deployments and operating data, reporting sensor-generated information and alerts, and for forecasting future occupancy data; Downloadable computer software for connecting, operating and managing networked telecommunication gateways that enable communication between the gateways and wireless sensors."

**Class 42:**

"Providing temporary use of non-downloadable cloud-based software for connecting, operating and managing networked wireless occupancy sensors and for providing information on wireless sensor deployments and operating data, reporting sensor-generated information and alerts, and for forecasting future occupancy data; Providing temporary use of non-downloadable cloud-based software for connecting, operating and managing networked telecommunication gateways that enable communication between the gateways and wireless sensors."

A true and correct copy of the publicly available USPTO's Trademark Electronic Search System ("TESS") website records for the '689 Application is attached hereto as **Exhibit E**.

33. On March 30, 2020, the USPTO issued a notice suspending the prosecution of the '689 Application which stated "Section 2(d) Refusal with respect to the mark in Registration No. 5753143"; a true and correct copy of the TESS records for the said notice is attached hereto as **Exhibit F**.

34. On June 8, 2020, BatchTest had initiated Trademark Cancellation proceeding No. 92074420 (the "'420 Proceeding") with the Trademark Trial and Appeals Board (the "TTAB") against the U.S. Trademark Registration No. 5753143 (the "'143 Registration") for the "PEBBLES" mark with a priority date of June 8, 2018. The '143 Registration was cancelled by the TTAB's Order dated June 23, 2021; a true and correct copy of the said TTAB Order is attached hereto as **Exhibit G**.

35. On or about May 5, 2021, SLL filed the U.S. Trademark Application No. 90691995 (the "'995 Application") to register the [Pebble] design mark in Class 9 and 42 based on its alleged *bona fide* intent to use the said mark in commerce for substantially identical goods and services as those recited on the '689 Application (the '689 Application and the '995 Application are collectively referred to as the "PEBBLE Applications" in this Complaint); a true and correct copy of the TESS records for the '995 Application is attached hereto as **Exhibit H**.

36. SLL's filing of the PEBBLE Applications was not authorized by Plaintiff or Plaintiff's predecessor-in-interest BatchTest.

37. On information and belief, prior to filing the '995 Application on May 5, 2021, SLL was aware of BatchTest's PEBBLES-branded goods and services.

38. On December 21, 2021, the '689 Application was published for opposition in the *Trademark Official Gazette*.

39. Plaintiff first learned of the PEBBLE Applications on or about January 18, 2022, while the '689 Application was published for opposition in the *Trademark Official Gazette*.

40. On January 19, 2022, and on February 17, 2022, Plaintiff timely filed requests with the TTAB for extension of time to oppose the '689 Application which were approved, and the TTAB granted extension of time for Plaintiff to oppose the '689 Application through and including April 20, 2022.

41. On January 26, 2022, Plaintiff notified SLL's attorney of record Mr. Jordan LaVine about

Plaintiff's PEBBLES® Registrations and Plaintiff's PEBBLES® branded goods and services, and notified him that Plaintiff had filed for an extension of time to oppose the '689 Application.

42. On January 31, 2022, Plaintiff spoke with SLL's attorney Mr. Jordan LaVine and asked him if SLL was actually using the PEBBLE Marks in commerce, to which Mr. LaVine had responded that he did not know if his client was actually using the said mark in commerce.

43. Plaintiff made attempts between January and March 2022 to persuade SLL to withdraw the PEBBLE Applications to avoid trademark opposition proceedings, however, SLL did not withdraw the PEBBLE Applications.

**Plaintiff's Trademark Opposition Proceedings against Defendants**

44. On April 19, 2022, Plaintiff filed Notice of Opposition No. 91275690 (the "'690 Opposition") with the TTAB to oppose the '689 Application, reciting claim of priority and likelihood of confusion with the mark in the PEBBLES® Registrations. A true and correct copy of the '690 Opposition is attached hereto as **Exhibit I**.

45. On April 26, 2022, the '995 Application was published for Opposition in the *Trademark Official Gazette*.

46. On May 20, 2022, SLL filed its Answer (the "690 Answer") in response to the '690 Opposition. A true and correct copy of the '690 Answer is attached hereto as **Exhibit J**.

47. In response to Plaintiff's allegations under the '690 Opposition ¶26 that "On information and belief, until the date of filing of this Notice, Applicant has not actually used the PEBBLE Marks on any of the goods and services identified in the '689 Application in commerce in the United States", SLL's '690 Answer ¶26 recited that "Applicant is still investigating the allegations made in this paragraph of the Notice of Opposition, and therefore denies the allegations made in this paragraph of the Notice of Opposition."

48. On May 23, 2022, and on June 24, 2022, Plaintiff timely filed requests with the TTAB for extension of time to oppose the '689 Application which were approved, and the TTAB granted extension of time for Plaintiff to oppose the '689 Application through and including August 24, 2022.

49. SLL had filed the PEBBLE Applications based on its alleged *bona fide* intent to use the relevant marks in commerce, under Section 1(b), and SLL did not reveal or confirm at any time to Plaintiff that

SLL was actually using the PEBBLE trademark in commerce.

50. On June 29, 2022, Plaintiff and SLL participated in a discovery conference (the "June29 Conference") conducted by the TTAB's interlocutory attorney. A true and correct copy of the TTAB's Order dated June 29, 2022 (the "June29 TTAB Order") related to the parties' discovery conference is attached hereto as **Exhibit K**.

51. During the June29 Conference, Plaintiff asked SLL's attorney Mr. Jordan LaVine if SLL was actually using the PEBBLE Marks in commerce, however Mr. LaVine responded to Plaintiff that he was unaware if his client was actually using the PEBBLE Marks in commerce.

52. The June29 TTAB Order also decided in Plaintiff's favor that:

> "Opposer sufficiently pleads, in the notice of opposition, a claim of likelihood of confusion with its purportedly prior use of its registered marks under Trademark Act § 2(d), 15 U.S.C. § 1052(d), alleging that the parties' respective marks are similar and for similar goods such that a likelihood of confusion exists causing damage. *See* 1 TTABVUE 8-9; *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (CCPA 1973); *King Candy Co.*, 182 USPQ 108; TMEP § 1207.01 (2021)." Footnote omitted; see Ex. K at p5.

53. On July 14, 2022, Google notified the TTAB under the '690 Opposition that SLL had assigned the '689 Application and the PEBBLE Marks to Google ("SLL's Assignment"), and that the alleged assignment was recorded with the Assignment Division of the USPTO on July 12, 2022.

54. SLL's Assignment was not authorized by Plaintiff.

55. On August 2, 2022, Plaintiff filed Notice of Opposition No. 91277707 (the "'707 Opposition") with the TTAB to oppose the '995 Application, reciting claim of priority and likelihood of confusion with the mark in the PEBBLES® Registrations (the '690 Opposition and the '707 Opposition are collectively referred to as the "PEBBLE Oppositions" in this Complaint).

56. The '707 Opposition is substantially substantively identical to the '690 Opposition.

57. In a reply brief dated November 14, 2022, under the '690 Proceeding, Defendants alleged that the '995 Application is "substantively identical" to the '689 Application.

58. The TTAB's Order dated November 18, 2022 (the "Nov18 TTAB Order") decided in Plaintiff's

favor in denying SLL's motion to substitute Google as a party defendant in the '690 Opposition, and instead joined Google as party defendant to facilitate discovery. The Nov18 TTAB Order also consolidated the PEBBLE Oppositions. A true and correct copy of the Nov18 TTAB Order is attached hereto as **Exhibit L**.

59. Plaintiff is the Opposer and Defendants are the Applicants in the PEBBLE Oppositions.

60. The PEBBLE Oppositions are currently pending at the TTAB.

61. The PEBBLE Marks have not yet registered.

62. Plaintiff and his predecessor-in-interest BatchTest have never transferred his ownership of the PEBBLES® Trademarks to Defendants.

63. Plaintiff and his predecessor-in-interest BatchTest have never authorized Defendants to use the PEBBLE Marks.

64. On information and belief, Defendants do not own any foreign trademark application(s) for any mark containing the term "PEBBLE" on which Applicant can rely to claim priority based on Section 44(d) or Section 66(a).

65. Plaintiff and Defendants are not affiliated with one another.

66. On information and belief, Defendants have been using the PEBBLE Marks in commerce since at least February 2022, or since prior to it.

67. On or about October 6, 2022, Plaintiff sent a cease-and-desist notice (the "Cease-and-Desist Notice") to Defendants to stop infringing on Plaintiff's PEBBLES® Trademarks. A true and correct copy of the Cease-and-Desist Notice is attached hereto as **Exhibit M**.

68. To date, Defendants have failed to produce, and Plaintiff has been unable to locate any evidence showing Defendants' use of the PEBBLE Marks predating Plaintiff's use of the PEBBLES® Trademarks in the United States.

69. Despite knowing about Plaintiff's PEBBLES® Trademarks since at least January 27, 2022, Google has been knowingly expanding its unauthorized and infringing use of the PEBBLE Marks in commerce on software tools such as Application Programming Interface ("API") and services for consumers to develop their own electronic goods and services since at least July 2022. Such unauthorized use of the PEBBLE Marks by Google is willful and deliberate, and calculated to harm

Plaintiff's business and his valuable PEBBLES® Trademarks on identical goods and services. Google has expressly refused to cease and desist its use of the PEBBLE Marks. A true and correct copy of Google's website currently describing its use of the PEBBLE Marks on goods and services identical to those of Plaintiff's PEBBLES® branded goods and services is attached hereto as **Exhibit N**.

70. Defendants have used the PEBBLE Marks on one or more of the goods and services recited on the PEBBLE Applications prior to August 2022. Such unauthorized use of the PEBBLE Marks by Google is willful and deliberate. Google has expressly refused to cease and desist its use of the PEBBLE Marks. A true and correct copy of Defendants' current website describing its use of the PEBBLE Marks on an electronic sensors and its human-machine-interface is attached hereto as **Exhibit O**.

71. Google, one of the largest multi-national companies in the world who famously included phrase "Don't be evil" in its code of conduct, is using its unlimited resources to bully its way into poaching *Pro Se* Plaintiff's valuable PEBBLES® Trademarks and to drive Plaintiff out of his PEBBLES® branded small business which Plaintiff has built since well over a decade.

72. Defendants' tools for consumers to design and develop consumers' own goods and services in relation to electronic sensors are identical or very similar to Plaintiff's PEBBLES® branded tools for consumers to design and develop consumers' own electronic sensors, software and user interface.

73. Defendants offer consumers one or more "PEBBLE" branded human-machine-interface (user-interface) and related software for interacting with electronic sensors, which are identical or very similar to Plaintiff's PEBBLES® branded user interfaces for consumers to interact with electronic sensors.

74. Defendants' goods "Wireless sensors for detecting and communicating data related to parking, drive, and curb space …", as recited on the PEBBLE Applications, are very similar or identical to Plaintiff's goods and services to others for design and development of wireless Electrical Density Gauge sensors used for analysis of soil in roadbeds and foundations.

75. Defendants' goods "Mobile computing and operating platforms consisting of … wireless sensors", as recited on the PEBBLE Applications, is identical or very similar to the software offered by Plaintiff for developing computer software and graphical user interface which Plaintiff offers without any limitation of operating platforms.

76. Defendants' goods "Downloadable computer software for connecting, operating and managing

networked telecommunication … wireless sensors", as recited on the PEBBLE Applications, is identical or very similar to downloadable software offered by Plaintiff for creating Human-Machine-Interface and Graphical User Interface of wired and wireless sensors.

77. Defendants' Class 42 services are identical or very similar to Plaintiff's Class 42 services which include temporary use of on-line non-downloadable software for developing computer software and graphical user interface, and software controls and indicators which report wired and wireless sensor data to its users while also allowing them to interact with such sensors.

78. Defendants' use of the PEBBLE Marks on software tools and services for others to develop their own electronic goods and services, is identical or very similar to Plaintiff's use of his PEBBLES® Trademarks on goods and services for others to develop their own electronic goods and services.

79. Since July 2022, Plaintiff agreed to several extensions of time requested by Defendants to negotiate a possible settlement, however Plaintiff's all good faith intention efforts to resolve this dispute and to stop Defendants' deliberate infringing conducts have failed; Plaintiff recently also discovered that while Plaintiff agreed to Defendants' said requests for extensions of time, Google has been deliberately expanding its infringing use of the PEBBLE Marks further into Plaintiff's Industry.

80. As set forth above, Defendants have refused to stop their willful infringement and expansion of use of the PEBBLE Marks into Plaintiff's Industry and they must be stopped.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1) (Lanham Act 15 U.S.C. § 32(a))

81. Plaintiff re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

82. Plaintiff is the rightful and sole owner of the PEBBLES® Registrations.

83. The PEBBLES® Registrations are presumed valid and enforceable as a matter of law.

84. Pursuant to 15 U.S.C. § 1057(b), the certificates of registration for the PEBBLES® Trademarks are *prima facie* evidence of the validity of the PEBBLES® Registrations.

85. By virtue of his ownership of the PEBBLES® Registrations, Plaintiff has the exclusive right to use the PEBBLES® Trademarks in commerce on and in connection with the goods and services recited on the PEBBLES® Registrations.

86. Plaintiff is the senior user of the PEBBLES® Trademarks and any trademark containing the term "PEBBLE" or "PEBBLES" on the goods and services recited on the PEBBLES® Registrations. Plaintiff has continuously used the PEBBLES® Trademarks in the United States commerce prior to any first date of use of the PEBBLE Marks which Defendants can establish.

87. On information and belief, Defendants cannot establish first use of the PEBBLE Marks in the United States prior to June 26, 2019.

88. On information and belief, Defendants did not use the PEBBLE Marks on any of the goods and services identified in the PEBBLE Applications in the United States before June 26, 2019.

89. Plaintiff has not authorized Defendants to use the PEBBLES® Trademarks or any other mark incorporating the term "PEBBLES" or "PEBBLE."

90. A likelihood of confusion exists between Plaintiff's PEBBLES® Trademarks as shown in the PEBBLES® Registrations and the PEBBLE Marks based on similarity of the parties' respective marks, goods and services, and target consumers because:

      a.   The term PEBBLE in the PEBLE Applications is identical or very similar to Plaintiff's PEBBLES® Trademarks.

      b.   Defendants' goods and services under the PEBBLE Marks are identical or very similar to the goods and services offered by Plaintiff and his predecessor-in-interest BatchTest.

      c.   Defendants' goods and services would be sold, advertised and directed at the same marketing and trade channels, or are in the natural scope of expansion of Plaintiff's goods.

      d.   The consumers for Defendants' goods and services are about the same as the consumers for Plaintiff's goods and services; Plaintiff's and Defendants' goods and services are in the field of electronic wireless sensors and related software, and automation.

91. The PEBBLE Marks so resemble Plaintiff's PEBBLES® Trademarks, and the goods are related such that the public is likely to view Defendants' proposed mark as denoting an affiliation, connection, or association of Application with Plaintiff and as to the origin, sponsorship, and approval of Defendants' goods by Plaintiff, when that is not the case, thereby it will damage Plaintiff.

92. Due to a likelihood of confusion as alleged above, and given Plaintiff's position as the senior user and registrant of the PEBBLES® Trademarks, Defendants' unauthorized use of the PEBBLE

Marks in commerce, as alleged above, is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants' goods and services are, in some way, affiliated with or sponsored by Plaintiff.

93. Despite having the knowledge of Plaintiff's PEBBLES® branded goods and services since at least as early as January 27, 2022 or much earlier, Defendants ignored Plaintiff's PEBBLES® Registrations and willfully continued to infringe upon Plaintiff's PEBBLES® Trademarks, and Defendants have refused to stop their said infringement.

94. Google is using the PEBBLE Marks in commerce on identical or very similar goods and services as Plaintiff's PEBBLES® branded goods and services.

95. Defendants have been also knowingly and willfully expanding the use of the PEBBLE Marks further into Plaintiff's Industry.

96. Defendants' actions were and are willful, knowing, and intended to cause confusion, to cause mistake, or to deceive.

97. Thus, in doing Defendants' acts of infringement complained of herein, Defendants have willfully and intentionally infringed Plaintiff's rights under the Trademark Laws of the United States 15 U.S.C. §§ 1114 et seq.

98. Defendants' actions are "exceptional" within the meaning of 15 U.S.C. § 1117.

99. As a result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm, which is presumed under the Trademark Modernization Act of 2020, 15 U.S.C. § 1116(a), and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

100.    Defendants' conduct will continue to both damage Plaintiff and confuse the public unless the Court enjoins it.

101.    Plaintiff has no adequate remedy at law.

102.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damage, Defendants' profits, enhanced damages, punitive damages, reasonable attorneys' fees, and costs of this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with

prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin – 15 U.S.C. § 1125(a) [Lanham Act § 43(a)])**

103.    Plaintiff re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

104.    Plaintiff is the rightful and sole owner of Plaintiff's PEBBLES® Trademarks.

105.    Plaintiff and his predecessor-in-interest have continuously used the PEBBLES® Trademarks in connection with Plaintiff's Automation and Embedded Systems/IoT Goods and Services, since prior to any date in 2019 and since prior to any date of first use of the PEBBLE Marks Defendants can establish.

106.    Additionally, Plaintiff also has use-analogous-to-trademark-use of PEBBLES, including, without limitation, PEBBLES, PEBBLE, PEBBLES AUTOMATION, PEBBLES UI, PEBBLES STATE MACHINE, PEBBLES I/O, SECURED BY PEBBLES, PEBBLES REMOTE, PEBBLES MANAGEMENT, PEBBLES SYNC, PEBBLES FUNCTION BLOCKS, PEBBLES API, PEBBLES TOOLKIT, PEBBLES PIX, PEBBLES GRAFIX, PEBBLES PLUGIN and PEBBLES THEMES, which uses by Plaintiff and his predecessor-in-interest are prior to any first use that Defendants may have with respect to their use of the PEBBLE Marks, and which uses can be tacked on to Plaintiff's use of his PEBBLES® Trademarks.

107.    By virtue of his earlier use of the PEBBLES® Trademarks, Plaintiff owns earlier unregistered rights in Plaintiff's PEBBLES® Trademarks, and is the senior user of Plaintiff's PEBBLES® Trademarks.

108.    BatchTest has a limited license to use Plaintiff's PEBBLES® Trademarks.

109.    Plaintiff has not authorized Defendants to use Plaintiff's PEBBLES® Trademarks, or any other mark or name incorporating the term "PEBBLES" or "PEBBLE."

110.    As alleged above, a likelihood of confusion exists between Plaintiff's PEBBLES® Trademarks, and the PEBBLE Marks.

111.    Defendants' actions were and are willful, knowing, and intended to cause confusion, to cause mistake, or to deceive.

112.     Defendants' actions are "exception" within the meaning of 15 U.S.C. § 1117.

113.     As a result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm, which is presumed under the Trademark Modernization Act of 2020, 15 U.S.C. § 1116(a), and has incurred and is continuing to incur monetary damages in an amount that has yet to be determined.

114.     Defendants' conduct will continue to both damage Plaintiff and confuse the public unless the Court enjoins it.

115.     Plaintiff has no adequate remedy at law.

116.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damage, Defendants' profits, enhanced damages, punitive damages, reasonable attorneys' fees, and costs this action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition under Cal. Bus. Prof. Code §§ 17200, *et seq.*)

117.     Plaintiff re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

118.     California Business & Professions Code § 17200, *et seq.*, states that unfair competition shall mean and include any "unlawful, unfair, or fraudulent business act or practice."

119.     As alleged above, Defendants are infringing Plaintiff's PEBBLES® Trademarks in a deliberate and willful, intentional and wrongful attempt to cause consumer confusion and to trade on Plaintiff's goodwill and reputation.

120.     Further, BatchTest has a limited license to use Plaintiff's PEBBLES® Trademarks.

121.     Defendants' conducts, as alleged herein, is likely to confuse, cause mistake, or to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services.

122.     By reason of Defendants' conducts as alleged herein, Defendants have engaged in unlawful, unfair, and/or fraudulent ongoing business practices in violation of California Business and Professions Code § 17200.

123.     As a result of Defendants' unfair competition in the form of infringement of Plaintiff's

---

PEBBLES® Trademarks, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to Plaintiff's detriment.

124.    Defendants' conduct, as alleged herein, has been undertaken willfully, maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights.

125.    Defendants' illegal and unfair business practices are continuing, and injunctive relief pursuant to California Business and Professions Code § 17203 is necessary to prevent and restrain further violations by Defendants.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

126.    Plaintiff re-alleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

127.    Plaintiff owns all rights, title, and interest in and to Plaintiff's PEBBLES® Trademarks, including, but not limited to all registered and unregistered rights in such marks, due to Plaintiff's earlier use of Plaintiff's PEBBLES® Trademarks in this district and elsewhere.

128.    As alleged above, Plaintiff also has use-analogous-to-trademark-use of PEBBLES, which uses by Plaintiff and his predecessor-in-interest are prior to any first use that Defendants may have with respect to their use of the PEBBLE Marks, and which uses can be tacked on to Plaintiff's use of his PEBBLES® Trademarks.

129.    BatchTest has a limited license to use Plaintiff's PEBBLES® Trademarks.

130.    Plaintiff has not authorized Defendants to use Plaintiff's PEBBLES® Trademarks, or any other mark or trade name incorporating the term "PEBBLES" or "PEBBLE."

131.    As alleged above, a likelihood of confusion exists between Plaintiff's PEBBLES® Trademarks, and the PEBBLE Marks.

132.    Defendants' actions, as alleged above, constitute trademark infringement and unfair competition under California Common Law.

133.    In acting as alleged above, Defendants have been unjustly enriched in that Defendants have knowingly benefitted at the expense of Plaintiff in a manner such that allowance of Defendants to

1  retain the benefits that they received would be unjust.

2      134.    Defendants' actions were and are willful, knowing, and intended to cause confusion, to

3  cause mistake, or to deceive.

4      135.    Defendants' conduct has been and is causing immediate and irreparable harm and injury

5  to Plaintiff, and to Plaintiff's goodwill and reputation.

6      136.    Defendants' conduct will continue to both damage Plaintiff and confuse the public unless

7  the Court enjoins it.

8      137.    Plaintiff has no adequate remedy at law.

9      138.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual

10  damages, Defendants' profits, enhanced damages, punitive damages, reasonable attorneys' fees, and

11  costs of the action under California Common Law, together with prejudgment and post-judgment

12  interest.

### FIFTH CLAIM FOR RELIEF

### (Declaratory Relief Pursuant to 28 U.S.C. § 2201)

15      139.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

16  above as if fully set forth in detail herein.

17      140.    This Court has the power under 15 U.S.C. § 1119 (Lanham Act § 37) and 28 U.S.C. §

18  2201 to determine Defendant's right to registration of the PEBBLE Marks.

19      141.    Plaintiff is the rightful and sole owner of the PEBBLES® Registrations.

20      142.    Pursuant to 15 U.S.C. § 1057(b), the certificates of registration for the PEBBLES®

21  Trademarks are *prima facie* evidence of the validity of the PEBBLES® Registrations.

22      143.    Pursuant to 15 U.S.C. § 1057(b), the certificates of registration for the PEBBLES®

23  Trademarks are also prima facie evidence of Plaintiff's exclusive right to use the PEBBLES®

24  Trademarks in commerce on and in connection with the goods and services specified in the certificates

25  of the PEBBLES® Registrations.

26      144.    The infringing PEBBLE Marks, the subject of the PEBBLE Applications, so resemble

27  Plaintiff's PEBBLES® Trademarks as to be likely to cause confusion, or to cause mistake, or to deceive.

28  Registration of the PEBBLE Applications should therefore be refused under 15 U.S.C. § 1052(d).

---

145.    Plaintiff petitions the Court for an Order directing the TTAB to refuse registration of the marks under the PEBBLE Applications, and to terminate the PEBBLE Oppositions in Plaintiff's favor.

///

**WHEREFORE** Plaintiff prays this Honorable Court for relief as follows:

1. Enter judgment in favor of Plaintiff on Claims for Relief I-V, inclusive;

2. Declare Plaintiff the senior user of the PEBBLES® Trademarks;

3. Declare the PEBBLES® Registrations valid and enforceable;

4. Declare that Plaintiff has the exclusive right to use the PEBBLES® Trademarks and any mark or trade name incorporating the term PEBBLES or PEBBLE in commerce on and in connection with the goods and services recited in the PEBBLES® Registrations;

5. An Order directing Defendants to recall their unlawful products or materials at their own expense, terminate any and all contracts and licenses of any and all PEBBLE branded goods and services, remove any and all websites, app store listings, advertisement, and marketing material containing or referencing the PEBBLE Marks;

6. Award Plaintiff his actual damages against Defendants in an amount to be determined at trial in an amount of not less than $50,000;

7. Award Plaintiff Defendants' profits, gains, and advantages derived from Defendants' aforementioned activities in an amount of not less than $100,000;

8. Award Plaintiff punitive and treble damages against Defendants based upon Defendants' willful and knowing infringement of Plaintiff's PEBBLES® Trademarks;

9. Declare this an "exceptional" case and award Plaintiff all of his costs and reasonable attorneys' fees in this action as authorized by 15 U.S.C. § 1117, and other applicable laws;

10. Award Plaintiff pre-judgment and post-judgment interest at the maximum legal rate and costs;

11. Award Plaintiff an accounting for damages and for all profits, together with those profits Plaintiff lost, due to Defendants' misconduct alleged herein;

12. Preliminarily and permanently enjoin Defendants, and their predecessors, successors, assigns, divisions, subsidiaries, and joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and

those acting in privity or concert with them, or on their behalf, from:

        a.   Using the mark PEBBLES or PEBBLE, or any trade name or mark or internet address incorporating the term "PEBBLES" or "PEBBLE", regardless of stylization and design, in connection with goods and services in Plaintiff's Industry;

        b.   Seeking to register any mark incorporating the term "PEBBLES" or "PEBBLE", regardless of stylization and design, in connection with any goods and Services related to or used in the United States in connection with Plaintiff's Industry;

        c.   Opposing Plaintiff's Applications to register, or seeking to cancel Plaintiff's registrations, for any mark which incorporated the term PEBBLES or PEBBLE;

13. Order the TTAB to affirm the validity of the PEBBLES® Registrations;

14. Order the TTAB to void the PEBBLE Applications and terminate the PEBBLE Oppositions in Plaintiff's favor; and

15. Award such other and further relief as the Court may deem just and equitable.

///

Dated: May 19, 2023

                          Respectfully submitted,

                          By: _____

                          DINESH PATEL (Plaintiff)

## **DEMAND FOR JURY TRIAL**

        Plaintiff hereby demands a jury trial on all issues so triable herein.

Dated: May 19, 2023

                          Respectfully submitted,

                          By: _____

                          DINESH PATEL (Plaintiff)