UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINESH PATEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GOOGLE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 3:23-cv-02470-JD<br><br>**ORDER RE DISMISSAL, SERVICE, AND LIFTING STAY** |

In this trademark infringement dispute, pro se plaintiff Dinesh Patel has sued defendants Google LLC (Google), Sidewalk Labs, LLC (Sidewalk Labs), the City of Aspen, the City of Philadelphia, Sea Breeze Properties LLC (Sea Breeze), and the Downtown Brooklyn Partnership, Inc. (Downtown Brooklyn Partnership). Patel alleges registration of two PEBBLES trademarks, U.S. Trademark Registration Nos. 6557978 and 6557799, and says that defendants have infringed the marks. The first amended complaint (FAC) alleges claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C §§ 1114(1), 1125(a); unfair competition under the California UCL, Cal. Bus. Prof. Code §§ 17200, *et seq.*; common law trademark infringement and unfair competition; and cybersquatting. *See* Dkt. No. 28 (FAC).

The original complaint named only Google and Sidewalk Labs as defendants. Dkt. No. 1. The FAC added Aspen, Philadelphia, Sea Breeze, and the Downtown Brooklyn Partnership as defendants. Aspen and Philadelphia (the Cities) jointly ask for dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Dkt. No. 66. Sea Breeze asks for dismissal under Rule 12(b)(6). Dkt. No. 64.

The parties' familiarity with the record is assumed. The dismissal requests are granted with leave to amend. Service and stay issues are also addressed.

With respect to the Cities' pleadings motions, the personal jurisdictional objection is considered first. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 101 (1998). Even affording the FAC a generous reading due to Patel's pro se status, the FAC does not plausibly allege facts that might give rise to specific jurisdiction in this District over the Cities.[1] Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of California, the state in which it sits. *See Malmquist v. Malmquist*, No. 17-CV-04831-JD, 2019 WL 4194310 (N.D. Cal. Sept. 4, 2019); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the dispositive test is whether personal jurisdiction in this Court comports with traditional concepts of fair play and due process. *Schwarzenegger v. Fred Martin Motor. Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

Specific jurisdiction focuses on the defendant's contacts with the forum state for the claims at issue. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The claims must relate to the defendant's contacts "with the *forum*" for specific personal jurisdiction to arise. *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (internal quotation omitted) (emphasis in original). "Trademark infringement is treated as tort-like for personal jurisdiction purposes, and so we focus on purposeful direction." *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). The purposeful direction test asks whether the defendant has "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (internal quotations omitted).

The FAC offers nothing in the way of facts that might satisfy these elements of jurisdiction. The FAC alleges that "[o]ne or more of the Resellers are requiring and diverting consumers to Google's PEBBLE.APP domain in connection with Defendants' Goods & Services." Dkt. No. 28 ¶ 73. It also says that the PEBBLE.APP website allows site visitors to "access

---

[1] The Court has expressed concern that Patel's complaints and motions bear every indicia of attorney authorship, even though Patel represents that no attorney is helping him and that he is utterly at sea about the law and trademarks. *See* Dkt. No. 86. The Court will apply the pro se rules until the record establishes otherwise.

2

Defendants' Goods & Services bearing the PEBBLE marks." *Id.* ¶ 213. These rather vague statements do not plausibly allege that the Cities did anything within the forum that could fairly bring them before the Court. *See Walden*, 571 U.S. at 284; *Doe v. WebGroup Czech Republic, a.s.*, 93 F.4th 442, 453 (9th Cir. 2024). So too for the statement in the FAC that "Resellers are promoting and offering Defendants' Goods & Services in connection with the PEBBLE Marks to consumers." Dkt. No. 28 ¶ 70. Patel's comments in an opposition brief about ostensible additional facts do not fill in the shortfalls in the FAC.

The claims against the Cities are dismissed for lack of personal jurisdiction. A good argument can be made that amendment will not cure the jurisdictional problems, but Patel will have an opportunity to try. The Court defers consideration of the Cities' Rule 12(b)(6) motion pending proof of personal jurisdiction.

With respect to Sea Breeze, the Lanham Act, UCL, and common law trademark and unfair competition claims are dismissed. The FAC does not plausibly allege anything about Sea Breeze's ostensible conduct. Sea Breeze is mentioned in just one paragraph in the FAC, to the effect that Sea Breeze is a California LLC. Dkt. No. 28 ¶ 18. Otherwise, the FAC has nothing to say about Sea Breeze with any degree of factual specificity. Patel will have an opportunity to amend.

With respect to defendant Downtown Brooklyn Partnership, the docket does not indicate that it was served. Patel is directed to show cause in writing why Downtown Brooklyn Partnership should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

The stay, Dkt. No. 84, is lifted. The response to the order to show cause re service must be filed by July 1, 2024. Patel must file with the response a declaration under penalty of perjury that he alone wrote the response, without the assistance of another person. If Patel cannot truthfully make that statement, he must identify with specificity all the assistance he received and the source of the assistance. Patel may file a second amended complaint consistent with this order by July 8, 2024. No new claims or parties may be added without the Court's prior consent. Patel must file the same declaration under penalty of perjury with respect to the second amended complaint.

A failure to meet these deadlines, or otherwise conform to this order, will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 18, 2024

JAMES DONATO
United States District Judge